UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ronald A. Capristo, ) | CASE NO. 1:13CV849 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| Scott A. Middlebrooks, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |
| ) | [Resolving Doc. 13] |
| ) | |

This matter comes before the Court on a Motion to Dismiss (Doc. 13) filed by Defendants. For the reasons that follow, the Motion is GRANTED and the matter is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over the Defendants.

I. STATEMENT OF FACTS

Plaintiff Ronald Capristo filed this *Bivens* action against four corrections officers that worked during the relevant time at Coleman Federal Corrections Complex in Coleman, Florida. In his complaint, Capristo claims that his constitutional rights were violated when these officers failed to properly calculate his release date. Capristo claims that this resulted in him serving 150 days more than was required under his sentence.

Defendants have moved to dismiss the complaint, asserting that Plaintiff has failed to prove personal jurisdiction. Plaintiff has not responded to the motion.

II. LEGAL STANDARD

Plaintiff bears the burden of establishing jurisdiction. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). However, when a court rules solely based upon the pleadings, the plaintiff need make only a prima facie showing of personal jurisdiction to survive

a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 544 (1994). Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

As this matter is proceeding pursuant to *Bivens*, "[t]he Court must determine whether the exercise of [personal] jurisdiction comports with constitutional due process." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). This Court uses a three-prong test to analyze whether due process will be satisfied by the exercise of specific jurisdiction over a defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendants reasonable.

*Scotts Co. v. Aventis S.A.*, 145 Fed. Appx. 109, 113 (6th Cir. 2005) (citing *Southern Machine v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir. 1968)).

Herein, Plaintiff has not satisfied even his minimum burden to demonstrate jurisdiction over Defendants. It is undisputed that Defendants all lived and worked exclusively in Florida during the relevant time frame related to this action. It is further undisputed that Defendants had no interactions whatsoever with the State of Ohio during that time frame. Plaintiff, however, alleges in his complaint that jurisdiction is appropriate because these officers were purportedly carrying out a sentence issued in the Northern District of Ohio. In so doing, Plaintiff ignores that

it is the Bureau of Prisons and Attorney General that carry out sentences, not individual corrections officers. Furthermore, Plaintiff ignores as well that the sentencing court may recommend a prison placement, but ultimately the Bureau of Prisons is solely responsible for placement of inmates. As such, any relationship between Plaintiff's sentencing court and the ultimate execution of his sentence are tenuous at best. In any event, such a relationship falls well short of any purposeful availment. Consequently, Plaintiff has fallen well short of demonstrating personal jurisdiction over Defendants.

**IV. CONCLUSION**

Based upon the above, Defendants' motion to dismiss is GRANTED. The complaint is hereby DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

IT IS SO ORDERED.


Date: <u>September 6, 2013</u>   */s/ John R. Adams*
                                  Judge John R. Adams
                                  UNITED STATES DISTRICT COURT